**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| LESLIE SUE MCQUEEN, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **Case No. CIV-24-142-GLJ** |
| FRANK BISIGNANO, | ) | |
| Commissioner of Social Security, | ) | |
| Defendant. | ) | |
| | ) | |

**ORDER**

Claimant appealed the decision of the Commissioner of the Social Security Administration denying her request for benefits. The Court entered an Opinion and Order remanding this case for further administrative action on September 19, 2025. Docket Nos. 18-19. On remand, the Administrative Law Judge ("ALJ") found that Claimant was disabled and awarded her past-due benefits. This matter now comes before the Court on Plaintiff's Motion for Attorney Fees Under 42 U.S.C. § 406(b) [Docket No. 28]. For the reasons set forth below, the motion should be granted and that Claimant's attorney should be awarded $13,766.25 in attorney's fees.

When "a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]" 42 U.S.C. 406(b)(1)(a). The 25% does not include any fee awarded by the Commissioner for representation in administrative proceedings pursuant to 42 U.S.C.

1

§ 406(a). *See Wrenn v. Astrue*, 525 F.3d 931, 937 (10th Cir. 2008) ("Based on the plain language and statutory structure found in § 406, the 25% limitation on fees for court representation found in § 406(b) is not itself limited by the amount of fees awarded by the Commissioner."). The amount requested in this case is $13,766.25, approximately 25% of Plaintiff's past-due benefits[1] in accordance with the applicable attorney fee agreement, and the motion was timely filed within thirty days following issuance of the notice of award. *See Harbert v. Astrue*, 2010 WL 3238958 at *1, n. 4 (E.D. Okla. Aug. 16, 2010) (slip op.) ("The Court notes here that while no explanation is needed for a Section 406(b)(1) motion filed within thirty days of issuance of the notice of appeal, lengthier delays will henceforth be closely scrutinized for reasonableness, including the reasonableness of efforts made by appellate attorneys to obtain a copy of any notice of award issued to separate agency counsel."). *See also McGraw v. Barnhart*, 450 F.3d 493, 504-505 (10th Cir. 2006) ("Section 406(b) itself does not contain a time limit for fee requests. . . . We believe that the best option in these circumstances is for counsel to employ Federal Rule of Civil Procedure 60(b)(6) in seeking a § 406(b)(1) fee award."); Fed. R. Civ. P. 60(c)(1) ("A motion under Rule 60(b) must be made within a reasonable time[.]").

The Court therefore need only to determine if this amount is reasonable for the work performed in this case. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002) ("[Section] 406(b) does not displace contingent-fee agreements as the primary means by which fees are set

---

[1] The Notice of Award indicates Claimant is entitled to $55,065.00 in past-due benefits. Docket No. 28-2, at p. 3.

2

for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases."). Factors to consider include: (i) the character of the representation and results achieved, (ii) whether any dilatory conduct might allow attorneys to "profit from the accumulation of benefits during the pendency of the case in court[,]" and (iii) whether "the benefits are [so] large in comparison to the amount of time counsel spent on the case" that a windfall results. *Id.* at 808 (citing *McGuire v. Sullivan*, 873 F.2d 974, 983 (7th Cir. 1989) (reducing fees for substandard work)); *Lewis v. Sec'y of Health & Hum. Services*, 707 F.2d 246, 249-50 (6th Cir. 1983) (same); *Rodriguez v. Bowen*, 865 F.2d 739, 746-47 (6th Cir. 1989) (noting fees are appropriately reduced when undue delay increases past-due benefits or fee is unconscionable in light of the work performed); *Wells v. Sullivan,* 907 F.2d 367, 372 (2nd Cir. 1990) (courts should consider "whether the requested amount is so large as to be a windfall to the attorney"). Contemporaneous billing records may be considered in determining reasonableness. *Gisbrecht*, 535 U.S. at 808 ("[T]he court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases.") (citing *Rodriguez*, 865 F.2d at 741).

Based on the factors enunciated in *Gisbrecht*, the Court concludes that $13,766.25 in attorney's fees is reasonable for the work done in this case. First, the attorney ably represented Claimant before this Court and obtained excellent results on their behalf, *i.e.*,

3

a reversal of the Commissioner's decision denying benefits and remand for further consideration. Claimant's success on appeal enabled her not only to prevail in her quest for social security benefits, but also to obtain a total of $12,792.00 in attorney's fees, as the prevailing party on appeal under the Equal Access to Justice Act, 28 U.S.C. § 2412(d). *See* Docket No. 26. This amount received will essentially reduce any amount awarded from her past-due benefits pursuant to Section 406(b). Second, there is no evidence that Claimant's attorney caused any unnecessary delay in these proceedings. Third, the requested fee does not result in any windfall to Claimant's attorney who spent a total of 51.9 hours on behalf of Claimant. *See* Docket No. 22-3. This would equate to a rate of $265.24, at most, per hour, which is not excessive given that the fee was contingent, and the risk of loss was not negligible. The Court therefore finds that the requested fee of $13,766.25 is reasonable within the guidelines set by *Gisbrecht*.

It appears from the record that the Commissioner may not retain sufficient funds to pay the $13,766.25 awarded to the attorney herein under Section 406(b)(1). *See* Docket No. 28, at p. 3. If, for any reason, the Commissioner does not have sufficient funds on hand to satisfy the award, Claimant's attorney will have to recover the difference from Claimant herself, not her past-due benefits. *See Wrenn*, 525 F.3d at 933. ("If the amount withheld by the Commissioner is insufficient to satisfy the amount of fees determined reasonable by the court, the attorney must look to claimant, not the past due benefits, to recover the difference."). Further, because the $13,766.25 awarded herein pursuant to Section 406(b)(1) exceeds the $12,792.00 previously received by Claimant as part of the EAJA fee

4

award, Claimant's attorney must refund the latter amount to Claimant. *See Weakley v. Bowen,* 803 F.2d 575, 580 (10th Cir.1986).

Accordingly, the Motion for Attorney's Fees Under 42 U.S.C. § 406(b) with Supporting Memorandum [Docket No. 28] hereby GRANTED. The Court approves an award of attorney fees in the amount of $13,766.25 to Claimant's attorney pursuant to 42 U.S.C. 406(b)(1) and directs the Commissioner to pay to Claimant's attorney the balance of any past-due benefits in his possession up to said amount.  Plaintiff's Counsel shall refund to Plaintiff the $12,792.00 in fees she previously received under the Equal Access to Justice Act, 28 U.S.C. § 2412.

IT IS SO ORDERED this 29th day of June, 2026.

_____
GERALD L. JACKSON
UNITED STATES MAGISTRATE JUDGE